UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

DELIDA CABASSA,

    Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DELIDA CABASSA ("Ms. Cabassa" or "Plaintiff") files this Complaint against Defendant, PUBLIX SUPER MARKETS, INC., ("Publix" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Palm Beach County, Florida.

1

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her serious medical condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Ms. Cabassa worked for Publix, most recently as a Meals Clerk, from August 12, 2002, until her termination on July 28, 2020.

8. During her nearly two (2) decades of service to Publix and its customers, Ms. Cabassa was an excellent and reliable employee, and had no significant history of attendance, tardiness, or disciplinary issues.

9. As Publix is aware, Ms. Cabassa has suffered from Stage 4 cancer for several years.

10. Additionally, in early 2020, Ms. Cabassa's husband unfortunately suffered a chronic, serious health condition, cardiac arrest.

11. On or about March 10, 2020, Ms. Cabassa therefore applied, and was approved for, intermittent unpaid FMLA leave in order to treat and address her husband's chronic, serious health condition.

12. Over the ensuing months, Ms. Cabassa utilized her unpaid FMLA leave very sparingly.

13. Nevertheless, Publix interfered with and retaliated against Ms. Cabassa for availing herself of FMLA leave.

14. Specifically, her manager, Ashley treated Ms. Cabassa differently after the heart attack and her filing of FMLA paperwork.

15. Ashley began questioning Ms. Cabassa's work and whereabouts for no good reason.

16. Ashley also began routinely and loudly asking Ms. Cabassa's co-workers about Ms. Cabassa's whereabouts, even when it was well known that Ms. Cabassa was in the bakery sweeping.

17. Publix retaliated against Ms. Cabassa further by relegating her from demonstrating recipes to customers to the bakery area.

18. Publix's campaign of interference and retaliation in violation of the FMLA culminated on July 28, 2020, when Publix terminated Ms. Cabassa's employment, effective immediately.

19. The timing of Plaintiff's termination, immediately after availing herself to a period of protected FMLA leave, demonstrates that Defendant interfered with and retaliated against Ms. Cabassa for exercising her FMLA rights.

20. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of FMLA leave Defendant's actions likewise constitute FMLA retaliation.

21. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

22. The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

23. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

24. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

### **COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26. At all times relevant hereto, Plaintiff was protected by the FMLA.

27. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

28. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to restore Ms. Cabassa to the same or equivalent position upon her return from FMLA leave.

29. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff in her attempt to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

34. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of FMLA protected leave.

35. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take leave pursuant to the FMLA.

36. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for her attempted use of FMLA protected leave or for her use of what should have been FMLA protected leave, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 1st day of October 2021.

           Respectfully Submitted,

           By**:/s *Noah E. Storch***
           Noah E. Storch, Esq.
           Florida Bar No. 0085476
           Richard Celler Legal, P.A.
           10368 West State Road 84, Suite 103
           Davie, Florida 33324
           Telephone:  (866) 344-9243
           Facsimile:   (954) 337-2771
           E-mail: noah@floridaovertimelawyer.com
           *Attorneys for Plaintiff*